UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2004 NOV 10 P 2: 57

U.S. DISTRICT COURT
DISTRICT OF MASS.

|  |  |
|---|---|
| UNITED STATES OF AMERICA ) | CRIMINAL NO. |
| ) | |
| v. ) | VIOLATIONS: **04 CR 10338 WGY** |
| ) | 15 U.S.C. §§ 78j(b) & 78ff (Willful Violation of |
| SCOTT F. MCCREADIE, ) | Section 10(b) of the Securities Exchange Act of 1934) |
| ) | 26 U.S.C. § 7201 (Tax Evasion) |
| Defendant. ) | 18 U.S.C. § 981 (Forfeiture) |

## INFORMATION

The United States Attorney Charges:

1. At all times material to this Information, SCOTT F. MCCREADIE ("MCCREADIE") lived at 3 Black Elk Road, Sharon, Massachusetts and 814 Forest Glen Lane, Wellington, Florida.

2. At all times material to this Information, MCCREADIE was a financial advisor at UBS Paine Webber, Inc. ("Paine Webber").

3. At all times material to this Information, MCCREADIE worked out of Paine Webber's Wellesley, Massachusetts and Palm Beach, Florida branch offices.

## FRAUD IN THE PURCHASE AND SALE OF SECURITIES

4. From on or about April 2000 through June 2002, MCCREADIE engaged in a scheme to defraud his wife's family (the "Maltz Family") in connection with the purchase and sale of securities. Specifically, MCCREADIE fraudulently diverted into his personal brokerage and bank accounts in excess of $700,000 from Paine Webber brokerage accounts belonging to the Maltz Family and for which MCCREADIE acted as financial advisor.

5. Although he engaged in a variety of deceptive acts as part of his scheme, MCCREADIE's fraudulent scheme largely involved the use of forged Letters of Authorization ("LOA's") and forged checks. More specifically, MCCREADIE used forged LOA's and forged checks to transfer funds from various Maltz Family accounts at Paine Webber into a Paine Webber brokerage account he held jointly with his wife (the "Paine Webber McCreadie Account") and a bank account he also held jointly with his wife at Sharon Cooperative Bank (the "Sharon Cooperative Account").

6. Sometimes MCCREADIE would use forged LOA's to transfer funds directly from the Maltz Family accounts into the Paine Webber McCreadie Account. Other times, MCCREADIE would use forged LOA's to transfer funds from various Maltz Family accounts into a central family "trust" account held at Paine Webber (the "Maltz Family Trust"). MCCREADIE (who was not an authorized signatory on the Maltz Family Trust) would then forge the signature of either his wife or his brother-in-law (who were signatories) on checks made payable to his wife, which he then deposited into either the Paine Webber McCreadie Account or the Sharon Cooperative Account.

7. The transfers based on the forged LOA's and forged checks involved the purchase and sale of securities, including the sales of common stock and shares in money market mutual funds, including the Paine Webber RMA Money Market Portfolio. MCCREADIE's purchases and sales of the securities used the means and instrumentalities of interstate commerce and the facilities of national security exchanges.

8. The approximate total of funds MCCREADIE wrongfully diverted from the Maltz Family Accounts into the Paine Webber McCreadie Account and the Sharon Cooperative

Account was $731,274 ($341,274 for 2000 and $390,000 for 2001). McCreadie then spent the funds on stock trades and personal expenses.

## TAX EVASION

9. MCCREADIE and his wife filed joint federal income tax returns on Form 1040 for calendar years 2000 and 2001. MCCREADIE filed his joint Form 1040 for 2000 on or before October 17, 2001. MCCREADIE filed his joint Form 1040 for 2001 on or before April 15, 2002.

10. The income figures MCCREADIE provided on his Form 1040 for each of the years 2000 and 2001 falsely and materially understated his income because they failed to include the funds he derived from his scheme to defraud the Maltz Family. MCCREADIE's joint Form 1040 for 2000 failed to include the $341,274 he had misappropriated from the Maltz Family accounts during calendar year 2000. McCreadie's joint Form 1040 for 2001 failed to include the $390,000 he had misappropriated from the Maltz Family accounts during calendar year 2001.

11. As a result, MCCREADIE and his wife substantially under reported their actual taxable income in 2000 and 2001.

12. MCCREADIE engaged in affirmative acts of evasion in Massachusetts with respect to income he received in calendar year 2000 and 2001. The affirmative acts of evasion include providing false information to his tax return preparer in Massachusetts. More specifically, MCCREADIE's return preparer for the 2000 Form 1040 was the firm of Walter & Shuffain in Norwood, Massachusetts. In 2001, MCCREADIE provided documents to Walter & Shuffain for preparation of the year 2000 return. MCCREADIE did not inform Walter & Shuffain of the $341,274 he had misappropriated from the Maltz Family accounts.

3

13. MCCREADIE also on numerous occasions in 2000 and 2001, while in Massachusetts, used the Maltz Family Trust account as a conduit for the misappropriated funds in order to conceal the scheme, and, in turn, the income he was receiving from the scheme.

## COUNT ONE
### (Willful Violation Of The Securities Exchange Act of 1934
### 15 U.S.C. §§ 10(b) and 32(a))

14. The United States Attorney realleges and incorporates by reference the allegations in paragraphs 1-13 of this Information and further charges:

15. At various dates in Wellesley in the District of Massachusetts and elsewhere, SCOTT F. MCCREADIE, defendant herein, did knowingly and willfully, by the use of means and instrumentalities of interstate commerce or of the mails or of a facility of a national securities exchange, directly and indirectly use and employ manipulative and deceptive devices and contrivances in connection with the purchase and sale of securities in contravention of Rule 10b-5 (17 C.F.R. Section 240.10b-5) of the Rules and Regulations promulgated by the United States Securities and Exchange Commission, and did (a) employ a device, scheme and artifice to defraud, and (b) engage in acts, practices and a course of business which would and did operate as a fraud and deceit, in connection with the purchase and sale of securities.

As more fully set forth in paragraphs 1-8 of this Information, which are specifically incorporated herein, MCCREADIE purchased and sold securities in the Paine Webber Maltz Family accounts, including common stock traded over a national securities exchange and money market fund shares in the Paine Webber's RMA Money Market Portfolio with the intent to misappropriate the proceeds of those purchases and sales.

All in violation of Title 15, United States Code, Sections 78j(b) and 78ff; Title 17, Code of Federal Regulations, Section 240.10b-5.

5

## COUNTS TWO AND THREE
### (Tax Evasion - 26 U.S.C. § 7201)

16. The U.S. Attorney re-alleges and incorporates by reference paragraphs 1-13 of this Information and further charges that:

17. On or about the dates set forth below, in the District of Massachusetts and elsewhere, SCOTT F. MCCREADIE, a resident of Sharon, Massachusetts and Wellington, Florida, did willfully attempt to evade and defeat a large part of the income tax due and owing by him to the United States of America for the calendar years 2000 and 2001 by filing and causing to be filed with the Director, Internal Revenue Service Center, at Atlanta, Georgia, false and fraudulent U.S. Individual Income Tax Returns, Form 1040, wherein he stated that his taxable income for each of the calendar years 2000 and 2001 were the sums set forth in the fourth column of the following table, and that the amount of tax due and owing thereon were the sums listed in the fifth column of the table, whereas, as MCCREADIE then and there well knew and believed, his taxable income for each of said calendar years was substantially in excess of that stated and that upon said additional taxable income substantial additional taxes were due and owing to the United States of America.

| Count | Tax Year | Filing Date | Falsely Reported Taxable Income (Per Return) | Falsely Reported Tax Due and Owing (Per Return) |
|-------|----------|-------------|----------------------------------------------|-------------------------------------------------|
| TWO | 2000 | 10/17/01 | $162,862 | $40,812 |
| THREE | 2001 | 4/15/02 | $71,319 | $13,559 |

All in violation of Title 26, United States Code, Section 7201.

6

## NOTICE OF SENTENCING FACTORS

The United States Attorney further charges:

18. The offenses charged in Counts One, Two and Three of this Information continued until at least June 2002.

19. The scheme or artifice to defraud alleged in Count One of this Information involved a loss of more than $400,000 and less than $1,000,000, as described in U.S.S.G. § 2B1.1(b)(1)(H).

20. The tax loss from the offense conduct alleged in Counts Two and Three of this Information was $247,756.30 ($109,835.57 for Count Two and $137,920.73 for Count Three), as described in U.S.S.G. §§ 2T1.1 & 2T4.1(G).

21. The Defendant failed to report or correctly identify the source of income in excess of $10,000 from criminal activity for Counts Two and Three of this Information, as described in U.S.S.G. §§ 2T1.1(b).

22. The Defendant abused a position of private trust that significantly facilitated the commission or concealment of the offense, as described in U.S.S.G. § 3B1.3.

## FORFEITURE ALLEGATION
### (18 U.S.C. § 981 & 28 U.S.C. § 2461)

23. The United States Attorney realleges and incorporates by reference the allegations in paragraphs 1-22 of this Information and further charges:

24. As a result of the offenses in violation of 15 U.S.C. § 78ff charged in Count One of this Information, SCOTT F. MCCREADIE, defendant herein, shall forfeit to the United States any property, real or personal, constituting or derived from proceeds traceable to such offenses.

25. If any of the property described in paragraph 24 above, as a result of any act or omission by the defendant,

   a.    cannot be located upon the exercise of due diligence;

   b.    has been transferred or sold to, or deposited with, a third party;

   c.    has been placed beyond the jurisdiction of the Court;

   d.    has been substantially diminished in value; or

   e.    has been commingled with other property which cannot be subdivided without difficulty,

it is the intention of the United States, pursuant to 21 U.S.C. § 853(p), which is incorporated by 28 U.S.C. § 2461(c), to seek forfeiture of any other property of the defendant up to the value of the property described in paragraph 24 above.

All in violation of Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

8

MICHAEL J. SULLIVAN
UNITED STATES ATTORNEY


Jack W. Pirozzolo
Assistant United States Attorney
DISTRICT OF MASSACHUSETTS November 10, 2004

JS 45 (5/97) - (Revised USAO MA 1/15/04)

**Criminal Case Cover Sheet** 04 CR 10338 WGY **U.S. District Court - District of Massachusetts**

**Place of Offense:** Massachusetts    **Category No.** III    **Investigating Agency** IRS/FBI

**City** Wellesley                                    **Related Case Information:**

**County** Norfolk

Superseding Ind./ Inf. __N/A__    Case No. __N/A__
Same Defendant __N/A__    New Defendant __N/A__
Magistrate Judge Case Number
Search Warrant Case Number
R 20/R 40 from District of

FILED
IN CLERKS OFFICE

2004 NOV 10 P 2: 57

U.S. DISTRICT COURT
DISTRICT OF MASS.

**Defendant Information:**

**Defendant Name** Scott F. McCreadie    **Juvenile** ☐ Yes  ☒ No

**Alias Name**

**Address**

**Birth date (Year only):** 1970  **SSN (last 4 #):** 8237 **Sex** M **Race:** Caucasian  **Nationality:** USA

**Defense Counsel if known:** R. Bradford Bailey    **Address:** 4 Longfellow Place
                                                                              Boston, MA 02114
**Bar Number:**

**U.S. Attorney Information:**

**AUSA** Jack W. Pirozzolo    **Bar Number if applicable** 564879

**Interpreter:** ☐ Yes ☒ No    **List language and/or dialect:**

**Matter to be SEALED:** ☐ Yes  ☒ No

☐ **Warrant Requested**    ☒ **Regular Process**    ☐ **In Custody**

**Location Status:**

**Arrest Date:**

☐ **Already in Federal Custody as** _____ in _____
☐ **Already in State Custody** _____ ☐ **Serving Sentence** ☐ **Awaiting Trial**
☐ **On Pretrial Release:**  **Ordered by** _____ **on** _____

**Charging Document:** ☐ Complaint    ☒ Information    ☐ Indictment

**Total # of Counts:** ☐ Petty _____ ☐ Misdemeanor _____ ☒ Felony 3

**Continue on Page 2 for Entry of U.S.C. Citations**

☒    I hereby certify that the case numbers of any prior proceedings before a Magistrate Judge are accurately set forth above.

**Date:** 11/10/04    **Signature of AUSA:**

JS 45 (5/97) - (Revised USAO MA 3/25/02) Page 2 of 2 or Reverse

District Court Case Number  (To be filled in by deputy clerk): 04cr 10338 WGY

Name of Defendant     Scott F. McCreadie

## U.S.C. Citations

| Index Key/Code | Description of Offense Charged | Count Numbers |
|---|---|---|
| Set 1   15 U.S.C. §§ 78j(b), 78ff | Securities Fraud | 1 |
| Set 2   26 U.S.C. § 7201 | Tax Evasion | 2 |
| Set 3   26 U.S.C. § 7201 | Tax Evasion | 3 |
| Set 4 | | |
| Set 5 | | |
| Set 6 | | |
| Set 7 | | |
| Set 8 | | |
| Set 9 | | |
| Set 10 | | |
| Set 11 | | |
| Set 12 | | |
| Set 13 | | |
| Set 14 | | |
| Set 15 | | |

ADDITIONAL INFORMATION:   Forfeiture Allegation, 18 U.S.C. § 981 & 2461