UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>        Plaintiff,<br><br>        v.<br><br>SCOTT F. MCCREADIE,<br>        Defendant. | CRIMINAL NO. 04-CR-10338-WGY |

### PRELIMINARY ORDER OF FORFEITURE

YOUNG, D.J.,

WHEREAS, on or about November 10, 2004, an Information was filed charging the defendant, Scott F. McCreadie, (the "Defendant"), with the following violations: Willful Violation of the Securities Exchange Act of 1934, in violation of 15 U.S.C. §§ 78j(b) and 78ff (Count One), and Tax Evasion, in violation of 26 U.S.C. § 7201 (Counts Two and Three);

AND WHEREAS, the Information also included a Forfeiture Allegation, charging the Defendant with Criminal Forfeiture, pursuant to 18 U.S.C. § 981 and 18 U.S.C. § 2461;

AND WHEREAS, the Forfeiture Allegation of the Information sought the forfeiture, as a result of the offenses alleged in Count One, of any and all property constituting, or derived from, any proceeds traceable to the offenses;

AND WHEREAS, on or about January 18, 2005, the Defendant entered a plea of guilty to Counts One through Three of the Information, and the parties agreed that the Defendant would forfeit all assets subject to the forfeiture pursuant to 18

U.S.C. § 981 as a result of his guilty plea;

AND WHEREAS, the Defendant does not dispute that he derived $742,574.00 in proceeds from the offenses charged in Count One;

AND WHEREAS, by virtue of the Defendant's guilty plea and pursuant to 21 U.S.C. § 853(a), 18 U.S.C. § 981 and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture against any and all assets, or substitute assets, subject to forfeiture;

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED:

1. The United States' Motion for Entry of a Preliminary Order of Forfeiture is ALLOWED.

2. Pursuant to 21 U.S.C. § 853(m), 18 U.S.C. § 981, and Rule 32.2(b)(3), the United States is hereby authorized to conduct discovery in order to facilitate the identification and location of any and all assets subject to forfeiture, pursuant to 21 U.S.C. § 853 and 18 U.S.C. § 981, as a result of the Defendant's guilty plea.

3. In the event that assets are identified which are subject to forfeiture pursuant to 21 U.S.C. § 853(p) and/or 18 U.S.C. § 981, the United States will seek an amended Order and conduct ancillary proceedings pursuant to 21 U.S.C. § 853(n), 18 U.S.C. § 981 and Rule 32.2(e).

4. Pursuant to 21 U.S.C. § 853(n)(7) and 18 U.S.C. § 981, following the Court's disposition of all petitions filed under this subsection, or if no such petitions are filed following the

expiration of the period provided in 21 U.S.C. § 853(n)(2) and 18 U.S.C. § 981, for the filing of such petitions, the United States of America shall have clear title to the forfeited properties.

5. Upon adjudication of all third party interests, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(n) and 18 U.S.C. § 981, in which all interests will be addressed.

/s/ William G. Young
WILLIAM G. YOUNG
Chief United States District Judge

Date: April 5, 2005